In my opinion, the trial judge was justified in finding from the evidence, as he did, that young Burris was driving the automobile at the time of the fatal accident and that the driver of the car was guilty of negligence in driving at an excessive rate of speed. However, I agree with what is said in the opinion to the effect that more proof could have been offered to identify the driver of the car at the several places where these young men were seen during the night before the accident, particularly in view of the fact that it appears that it would be a simple matter to prove who was the largest boy of the three who is said by several witnesses to have been the driver of the car.
I also agree that some showing should be made as to why the driver of the truck was not called as a witness, or some showing made as to whether or not his testimony is available. There is probably other available testimony which would throw some light on the condition, location and movement of the truck on the road, as well as the nature of the highway, the extent of the incline at the place of the impact, and other facts relative to the locus in quo which might render more certain the essential facts necessary to place liability on the defendants.
In order to afford an opportunity to the parties to supplement the record with any and all further available legal evidence on these vital points in the case, I think the ends of justice will be best served by remanding the case as we did in the recent case of Ryan v. Dendinger, Inc., 2 So.2d 263, and I therefore concur in the decree entered in these two cases. *Page 654